UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID J. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00761-TWP-MJD |
| | ) | |
| DELAWARE COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY SCREENING AND DISMISSING COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff David Turner is an inmate confined at the Delaware County Jail. This action was removed to this Court from the Delaware County Circuit Court. Dkt. 1. Because Mr. Turner is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Turner's complaint, dkt. 1-3 at 21–22, names the Delaware County Jail as the sole defendant.[1] Mr. Turner lists eight conditions he says have caused him trauma, stress, mental anguish, distress, pain, and suffering:

(1) Sheriff Ray Dudley does not segregate inmates according to the seriousness of their alleged offenses;

(2) the jail is overcrowded;

(3) the ventilation system is filthy and not working;

(4) there is no recreation or exercise area available to inmates;

(5) the jail is insufficiently staffed;

(6) inmates have limited access to toilets in the dayroom cell block;

(7) there are sewer drains in front of cell doors where flies gather and gases are released; and

(8) Mr. Turner received improper medical treatment for diabetes.

Dkt. 1-3 at 21–22. Mr. Turner states that Sheriff Dudley knows about all these conditions. *Id.*

## III. Discussion of Claims

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care.

---

[1] Counsel for the defendant failed to comply with Local Rule 81-2(c), which requires that "[i]n addition to including the operative complaint in the State Court Record . . . the removing party must file an additional copy of the operative complaint as a separate attachment to the Notice of Removal." The Court expects compliance with this rule in all future actions.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Fourteenth Amendment likewise protects pretrial detainees from conditions of confinement that amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Although the complaint does not clarify Mr. Turner's status, the Court presumes that he is confined at the Jail as a pretrial detainee. Under the Fourteenth Amendment, "[a]n adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need." *Smith v. Dart*, 803 F.3d 304, 309–310 (7th Cir. 2015).

Mr. Turner's complaint describes several conditions that, under certain circumstances, might amount to constitutional violations. For example, the Seventh Circuit has "recognized that lack of exercise can rise to a constitutional violation" when an inmate's movement is restricted to the point where his health is threatened. *Smith*, 803 F.3d at 313. It has also made clear, however, that not all restrictions on exercise violate the Constitution. *Id.* ("[T]here is a significant difference between a lack of outdoor recreation and an inability to exercise.") Mr. Turner's complaint does not include any factual allegations that tell how and to what extent his movement has been restricted. As such, the Court cannot reasonably infer that the restrictions rise to a constitutional violation.

The same is true for Mr. Turner's other claims. His complaint states *conclusions* about the conditions of his confinement and does not support them with *factual allegations* that would allow the Court to infer that any Jail official's conduct violated his rights.

The Federal Rules of Civil Procedure require that a complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Mr. Turner's complaint provides only a generalized statement of his claims and provides no notice of the grounds on which his claims rest.

Finally, even if the complaint set forth a plausible claim for relief, it could not proceed because the only defendant in the lawsuit—the Jail—is a non-suable entity. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

### IV. Conclusion and Further Proceedings

The complaint is therefore **dismissed for failure to state a claim upon which relief may be granted**. Mr. Turner shall have **through April 8, 2019**, to file an amended complaint. Failure to file an amended complaint in the time provided will result in the dismissal of this action without further warning or opportunity to show cause. The amended complaint must include the case number associated with this action, 1:19-cv-00761-TWP-MJD. The amended complaint will completely replace the original complaint, so it must include all defendants, claims, and factual allegations Mr. Turner wishes to pursue in this action. Finally, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

Date: 3/7/2019

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID J. TURNER
DELAWARE COUNTY JUSTICE CENTER
100 West Washington Street
Muncie, IN 47305

Daniel Mark Witte
TRAVELERS STAFF COUNSEL INDIANA
dwitte@travelers.com