UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID J. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00761-TWP-MJD |
| | ) | |
| DELAWARE COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY SCREENING AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff David Turner is an inmate at the Delaware County Jail. Because Mr. Turner is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint, dkt. 6.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the amended complaint:

> must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se pleadings such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. Amended Complaint

Mr. Turner asserts that the conditions of his confinement at the Jail violate his constitutional rights. He has supported his claims by describing eight specific conditions:

(1) Inmates are not segregated based on the nature of their alleged offenses or the risk they present to others.

(2) The jail is overcrowded. Thirty inmates are being housed in a cell block with capacity for twenty-four.

(3) The ventilation system is filthy and is not working.

(4) Inmates are confined to their cell blocks 24 hours per day, seven days per week, without any access to a recreation or exercise space.

(5) The Jail's staff is too small to properly supervise the inmates.

(6) The toilets are set to flush a limited number of times per hour. Due to the number of inmates, the toilets do not flush regularly enough.

(7) The sewer drains are overflowing with waste.

(8) Mr. Turner is not receiving medication prescribed by a doctor for his diabetes.

*See* dkt. 6 at 1–2.

Mr. Turner asserts that Sheriff Ray Dudley is responsible for the Jail's operations, knows of theses conditions, and has failed to take action to rectify them.

## III. Discussion of Claims

The facts alleged in the amended complaint support a reasonable inference that Sheriff Dudley is confining Mr. Turner under conditions that deprive him of one or more basic human

needs and amount to "punishment."[1] *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Smith v. Dart*, 803 F.3d 304, 309–310 (7th Cir. 2015). The action **shall proceed** with a claim against Sheriff Dudley pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment.

To the extent the amended complaint asserts claims against the Delaware County Jail, they are **dismissed** for **failure to state a claim upon which relief may be granted**. The Jail is a non-suable entity. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

If Mr. Turner believes additional claims were alleged in the amended complaint but not identified by the Court, he shall have **through June 7, 2019**, to identify those claims.

### IV. Issuance of Process

The **clerk is directed** to update the docket to reflect that Ray Dudley is the only defendant in this action. The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendant Ray Dudley in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the amended complaint (dkt. 6), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 5/8/2019

*signature*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[1] Although the amended complaint does not clarify Mr. Turner's status, the Court presumes that he is a pretrial detainee and therefore entitled to the protections of the Fourteenth Amendment.

Distribution:

DAVID J. TURNER
DELAWARE COUNTY JUSTICE CENTER
100 West Washington Street
Muncie, IN 47305

Daniel Mark Witte
TRAVELERS STAFF COUNSEL INDIANA
dwitte@travelers.com


Ray Dudley
Sheriff
100 W. Washington St.
Muncie, IN 47305